### Augusta M. Hoglund, Appellant, v. Royal Trust Company et al., Appellees.

### Gen. No. 15,142.

1. Conveyances—*what essential to establish absolute deed as mortgage.* Courts will not declare a deed, absolute upon its face, to be a mortgage, unless the evidence is clear and satisfactory.

2. Statutory law—*right of redemption construed.* The assignee of a judgment not rendered until after the conveyance of the fee by the judgment debtor is not a "person interested in the premises" entitled to redeem.

Bill in equity. Appeal from the Circuit Court of Cook county; the Hon. George A. Carpenter, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 6, 1911.

**Statement by the Court.** Appellant filed her bill in equity to redeem certain premises from the lien of two trust deeds, and from a warranty deed and a quit-claim deed, absolute on their face, and claimed by appellant to have been given for certain trust purposes.

On March 7, 1902, the record title to the premises in controversy was in one Ernst T. Johnson, though the property was owned by Johnson and one Martin Holmgren, as partners. On that day these partners, with their respective wives, executed a trust deed to the Royal Trust Company to secure their note for $31,000,

payable three months after date.  This trust deed was recorded March 7, 1902, and on the same day the same parties executed another trust deed conveying the same premises to secure another note for $8,000, also three months after date, and this trust deed was recorded on March 8, 1902.  On March 18, 1902, Johnson and wife conveyed the premises by warranty deed to one James E. Jennings, which was recorded March 28, 1902.  On the same day and recorded at the same time, Holmgren and wife executed a quit-claim deed to the premises to said Jennings.  On May 17, 1902, one William C. Hill recovered judgment in the Circuit Court of Cook county against said Johnson and Holmgren for the sum of $3,046 and costs, upon which judgment and execution was issued on the 27th of May, 1902, delivered to the sheriff of Cook county, and returned by him August 25, 1902, unsatisfied.

On April 5, 1902, said Jennings, with his wife, conveyed by quit-claim deed the premises to one Samuel H. Hodge, the deed being recorded on April 9, 1902. This deed was without any consideration, and was for the purpose of preventing the property from becoming involved or clouded by certain threatened litigation against Jennings.

On the 25th of July, 1902, Jennings, Holmgren and Johnson made affidavits, constituting what was termed a "verified declaration of trust," to the effect that said Jennings negotiated the loan for $31,000, above referred to, for the erection of a building on the premises; that after the loan was partly disbursed, it became apparent that the remainder would be insufficient to complete the building free from liens, and that it would be necessary to negotiate an additional loan on the property; that he did negotiate the second mortgage loan for $8,000, for the purpose of completing the building; but upon further investigation, refused to recommend the further disbursement of the proceeds of either of said loans, unless Johnson would put in sufficient money to complete

the building; that thereupon Johnson and Holmgren voluntarily proposed to deed the property to Jennings, he to disburse the proceeds of the two loans for the completion of the building, and to complete it as soon as possible, and thereafter, as soon as practicable, sell the property, and from the proceeds first pay the two mortgages referred to, and thereafter all other claims against the premises for material and labor and all other expenses in connection with the running and management of the property and commissions, if the sale of the property should leave sufficient funds, and after the payment of these items to then take out one-third of the profits over and above all claims just referred to, disbursing the balance of the profits equally between Holmgren and Johnson.

On November 24, 1902, Hill assigned his judgment against Johnson and Holmgren to appellant, the assignment being filed with the Clerk of the Circuit Court April 9, 1903. The Royal Trust Company, through Wilber, its president, had notice of this assignment prior to the foreclosing of the trust deed for $8,000.

On November 24, 1903, one John F. Sinnott, claiming to be the owner of the $8,000 note, filed his bill to foreclose the trust deed securing said note, and on the 18th of the following month he filed a supplemental bill in the same proceeding. From the supplemental bill it appeared that the holder of the promissory note secured by the trust deed might pay, settle or otherwise remove any mechanic's lien claim, or any claim on the premises, and that the moneys thus paid, with interest, should be so much additional indebtedness secured by the trust deed; alleged also that Sinnott had been compelled to satisfy a decree against Johnson and the premises in question for mechanics' liens and costs thereon, aggregating $7,909.95, and asked that said amount be added to the amount due upon the note.

Appellant was not made a party to either the original or the supplemental bill.

At the time Sinnott filed his bill and during the foreclosure proceeding, the Royal Trust Company was the legal owner and holder of the note, and paid all the expenses of the foreclosure proceeding, including the money paid in satisfaction of the mechanic's lien decree, Sinnott having no direct interest therein, but acting for the Trust Company.

On May 19, 1904, a decree was entered in the foreclosure proceeding for the amount claimed, $17,323,83, under which decree the premises were sold on June 24, 1904, to Sinnott, and a master's certificate issued therefor, which certificate has since, prior to the filing of the bill by appellant, been the property of the Royal Trust Company.

On December 13, 1904, the sheriff of Cook county sold the premises under an *alias* writ of execution, issued by the Circuit Court of Cook county on a judgment in the suit of Hill against Johnson and Holmgren, dated November 10, 1904, to appellant, for the sum of $3,518.01, and issued the usual certificate of sale thereof.

On April 25, 1902, Jennings made his note for $500, which was endorsed by Johnson and Holmgren, and in May, 1902, Johnson and Holmgren made a note for $1,000, which was endorsed by Jennings, both of which notes were payable within three months, and were discounted by Jennings with the Royal Trust Company, and the proceeds were used in the construction of the building. These notes were taken upon the 30th of July, 1902, and a new note for $1,500 substituted. The proceeds of these notes, together with the two previous loans, were sufficient to complete the building.

The cause having been referred to a master in chancery, he filed his report on the 19th of June, 1907, in which he found that the conveyance from Holmgren and Johnson and their wives to Jennings did not con-

stitute an equitable mortgage; that the conveyance, and the agreement made at the same time, constituted a trust in Jennings to do the things mentioned in the declaration of trust; that by and through said conveyance, Holmgren and Johnson were absolutely divested of title to the premises; the only interest retained by them was the right to two-thirds of the net proceeds of the sale of the premises after payment of all encumbrances on the property and all sums paid by Jennings in connection with the property; that the interest of Holmgren and Johnson was not real estate, but personal property; and that the Hill judgment had not become, at any time, a lien on real estate, and that appellant had no such interest under her judgment as would entitle her to redeem under either the first or second trust deeds, or from the alleged equitable mortgage, or any of them.

The court sustained the master's report and entered a decree dismissing appellant's bill for want of equity.

TATGE, ABBOTT & KOEPKE and JOHN H. HOGLUND, for appellant.

KRETZINGER & ROONEY, for appellees.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The contention of the appellant is that the warranty deed of Johnson and wife, and the quit-claim deed of Holmgren and wife, to Jennings, though absolute on their face, were in fact mortgages; and, second, that if they were not equitable mortgages, they, with the declaration of trust, constituted Jennings an active trustee; that by the foreclosure proceedings to which Jennings, the Royal Trust Company, and Holmgren and Johnson were parties defendant, and the sale thereunder, this trust was stripped of its executive character, and no duties were left that were to be or

could be performed by the trustee, and, accordingly, that under the Statute of Uses, Johnson and Holmgren were reinvested with the same rights and the same title that they had at the time at the execution of these deeds, and the Hill judgment, therefore, became a lien.

It is a well established rule of law that courts will not declare a deed, absolute upon its face, to be a mortgage, unless the evidence is clear and satisfactory. We are satisfied, from a careful consideration of the evidence submitted to the master, that, by the execution and delivery of the two deeds to Jennings, under the arrangement then made between the parties, that Holmgren and Johnson were absolutely divested of title to the real estate, and therefore, that the judgment under which appellant claims as assignee was never a lien upon the land. The trust which was created by the transaction, required Jennings to complete the building and ultimately to sell it, and, after the payment of the mortgages upon the property and all other expenses in connection with its running and management, and a commission for the sale of it, if there should be sufficient funds, to then pay over and distribute equally between Holmgren and Johnson two-thirds of the remaining profits. Accordingly, from the date of the transaction, the interest of Holmgren and Johnson was only in their respective shares of the net profits, and not in the real estate.

The sale under the decree entered in the foreclosure proceedings did not change the status of the parties to the trust agreement. The equity of redemption was still an asset from which Holmgren and Johnson might have received a distributive share of the profits contemplated in their agreement with Jennings at the time they conveyed title to him.

The statute under which redemption is sought, sec. 18 chap. 77, provides: ''Any defendant  *  *  *  or any person interested in the premises through or under

396        APPELLATE COURTS OF ILLINOIS.

the defendant may  *   *   *   redeem the real estate so sold by paying to the purchaser thereof,'' etc.

Appellant as assignee of the Hill judgment, which was entered nearly two months after the conveyance by Johnson and Holmgren to Jennings, was not, therefore, ''any person interested in the premises,'' entitling her to redeem.

The court below did not err in sustaining the master's report and entering the decree complained of. The decree is therefore affirmed.

*Affirmed.*